FILED
CLERK, U.S. DISTRICT COURT

JUN 16, 2008

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| OPTO DIODE CORPORATION, a California Corporation<br>        Plaintiff,<br><br>     vs.<br><br>ADVANCED PHOTONIX, INC., a Delaware Corporation.<br>        Defendant | Case No.: CV-07-3809-VBF (Ex)<br><br>[~~PROPOSED~~] ORDER AND JOINT STIPULATION FOR ENTRY OF PROTECTIVE ORDER<br><br>Magistrate Judge:  HON. CHARLES F. EICK<br><br>First-Phase Discovery Cut-Off:  July 31, 2008<br><br>Deadline for ENE Pretrial Conference Date:  June 13, 2008<br><br>Trial Date:  Not Yet Set |
| AND RELATED COUNTERCLAIMS AND THIRD-PARTY CLAIMS | |

**[~~PROPOSED~~] ORDER AND JOINT STIPULATION OF THE PARTIES FOR ENTRY OF PROTECTIVE ORDER**

Pursuant to Central District of California Civil Local Rules 7-1 and 52-9, the parties in the above-captioned action hereby jointly agree and stipulate, through their respective counsel, to entry of a protective order, the terms of which follow.  As the parties have now reached agreement as to the terms of the instant protective order, the parties further request that the motion scheduled for Friday, June 27, 2008 at 9:30 a.m. be removed from the Court's calendar and the previously filed opposed motion be withdrawn from consideration by the Court.

1

2      Date:  May 30, 2008                         BUCHE & ASSOCIATES, P.C.

3
                                                   /s/ John K. Buche
4                                                  John Karl Buche

5                                                  Attorneys for INFRATECH, INC

6

7      Date:  June 6, 2008                         DYKEMA GOSSETT, LLP

8
                                                   /s/ J. Kevin Snyder
9                                                  J. Kevin Snyder
                                                   Joel D. Covelman
10                                                 Attorneys for ADVANCED PHOTONIX, INC.

11

12     Date: June 6, 2008                          MacPHERSON KWOK CHEN & HEID, LLP

13

14                                                 /s/ Clark Stone
                                                   Alan H. MacPherson
15                                                 Clark S. Stone

16                                                 Jennifer M. Lantz
                                                   Inchan A. Kwon
17                                                 Attorneys for OPTO DIODE CORPORATION

18

19

20

21

22

23

24

25

26

27

28

## PROTECTIVE ORDER

The parties to the above-captioned matter and the Court recognize that at least some of the documents and information ("materials") being sought through discovery in the above-captioned action are, for competitive reasons, normally kept confidential by the parties. The parties have agreed to be bound by the terms of this Protective Order ("Order") in this action.

The materials to be exchanged throughout the course of the litigation between the parties may contain trade secret or other confidential research, technical, cost, price, marketing or other commercial information, as is contemplated by Federal Rule of Civil Procedure 26(c)(1)(G). The purpose of this Order is to protect the confidentiality of such materials as much as practical during the litigation. THEREFORE:

DEFINITIONS

1.     The term "Confidential Information" shall mean and include information contained or disclosed in any materials, including documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom that is deemed to be Confidential Information by any party to which it belongs.

2.     The term "materials" shall include, but shall not be limited to: documents; correspondence; memoranda; bulletins; blueprints; specifications; customer lists or other material that identify customers or potential customers; price lists or schedules or other matter identifying pricing; minutes; telegrams; letters; statements; cancelled checks; contracts; invoices; drafts; books of account; worksheets; notes of conversations; desk diaries; appointment books; expense accounts; recordings; photographs; motion pictures; compilations from which information can be obtained and translated into reasonably usable form through detection devices; sketches; drawings; notes (including laboratory

CV-07-3809-VBF (Ex)
**Protective Order**
*Opto Diode Corp. v. Advanced Photonix, Inc. v. Infratech, Inc.*

1  notebooks and records); reports; instructions; disclosures; other writings; models and

2  prototypes and other physical objects.

3        3.    The term "counsel" shall mean outside counsel of record, and other

4  attorneys, paralegals, secretaries, and other support staff employed in the law firms

5  identified below:

6        a.    DYKEMA GOSSETT LLP, 333 South Grand Ave., Suite 2100, Los

7  Angeles, CA 90071, Tel : (213) 457-1800, Fax : (213) 457-1850 – Attorneys for

8  Defendant, Counter-Plaintiff, and Third Party Plaintiff, Advanced Photonix, Inc.;

9        b.    MACPHERSON KWOK CHEN & HEIDI LLP, 2033 Gateway Place,

10  Suite 400, San Jose, CA 95110, Tel: (408) 392-9250, Fax: (408) 392-9362 – Attorneys

11  for Plaintiff, Third-Party Defendant, Opto Diode Corporation;

12        c.    BUCHE & ASSOCIATES, P.C., 7777 Fay Avenue, Suite 205, La Jolla, CA

13  92037, Tel: (858) 812-2840, Fax: (858) 430-2426 – Attorneys for Third-Party Defendant,

14  Counterclaimant, Third Party Complainant, Infratech, Inc.

15  GENERAL RULES

16        4.    Each party to this litigation that produces or discloses any materials,

17  answers to interrogatories, responses to requests for admission, trial testimony, deposition

18  testimony, and transcripts of trial testimony and depositions, or information that the

19  producing party believes should be subject to this Protective Order may designate the

20  same as "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY."

21        a.    Designation as "CONFIDENTIAL": Any party may designate information

22  as "CONFIDENTIAL" only if, in the good faith belief of such party and its counsel, the

23  unrestricted disclosure of such information could be potentially prejudicial to the

24  business or operations of such party.

25        b.    Designation as "CONFIDENTIAL – FOR COUNSEL ONLY": Any party

26  may designate information as "CONFIDENTIAL – FOR COUNSEL ONLY" only if, in

27  the good faith belief of such party and its counsel, the information is among that

28

1    considered to be most sensitive by the party, including but not limited to trade secret or

2    other confidential research, development, financial or other commercial information.

3        5.      In the event the producing party elects to produce materials for inspection,

4    no marking need be made by the producing party in advance of the initial inspection. For

5    purposes of the initial inspection, all materials produced shall be considered as

6    "CONFIDENTIAL – FOR COUNSEL ONLY," and shall be treated as such pursuant to

7    the terms of this Order. Thereafter, upon selection of specified materials for copying by

8    the inspecting party, the producing party shall, within a reasonable time prior to

9    producing those materials to the inspecting party, mark the copies of those materials that

10    contain Confidential Information with the appropriate confidentiality marking.

11        6.      Whenever a deposition taken on behalf of any party involves a disclosure of

12    Confidential Information of any party:

13        a.      said deposition or portions thereof shall be designated as containing

14    Confidential Information subject to the provisions of this Order; such designation shall be

15    made on the record whenever possible, but a party may designate portions of depositions

16    as containing Confidential Information after transcription of the proceedings; a party

17    shall have until fifteen (15) days after receipt of the deposition transcript to inform the

18    other party or parties to the action of the portions of the transcript designated

19    "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY;"

20        b.      the disclosing party shall have the right to exclude from attendance at said

21    deposition, during such time as the Confidential Information is to be disclosed, any

22    person other than the deponent, counsel (including their staff and associates), the court

23    reporter, and the person(s) agreed upon pursuant to paragraph 8 below; and

24        c.      the originals of said deposition transcripts and all copies thereof shall bear

25    the legend "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY," as

26    appropriate, and the original or any copy ultimately presented to a court for filing shall

27

28

1  not be filed unless it can be accomplished under seal, identified as being subject to this
2  Order, and protected from being opened except by order of this Court.

3        7.    All Confidential Information designated as "CONFIDENTIAL" or
4  "CONFIDENTIAL – FOR COUNSEL ONLY" shall not be disclosed by the receiving
5  party to anyone other than those persons designated herein and shall be handled in the
6  manner set forth below and, in any event, shall not be used for any purpose other than in
7  connection with this litigation, unless and until such designation is removed either by
8  agreement of the parties, or by order of the Court.

9        8.    Information designated "CONFIDENTIAL – FOR COUNSEL ONLY"
10  shall be viewed only by counsel (as defined in paragraph 3) of the receiving party, and by
11  independent experts under the conditions set forth in this Paragraph. The right of any
12  independent expert to receive any Confidential Information shall be subject to the
13  advance approval of such expert by the producing party or by permission of the Court.
14  The party seeking approval of an independent expert shall provide the producing party
15  with the name and curriculum vitae of the proposed independent expert, a listing of the
16  experts current consultancies and prior consultancies for the past four (4) years, and an
17  executed copy of the form attached hereto as Exhibit A, in advance of providing any
18  Confidential Information of the producing party to the expert. Any objection by the
19  producing party to an independent expert receiving Confidential Information must be
20  made in writing within fourteen (14) days following receipt of the identification of the
21  proposed expert. Confidential Information may be disclosed to an independent expert if
22  the fourteen (14) day period has passed and no objection has been made. The approval of
23  independent experts shall not be unreasonably withheld.

24        9.    Information designated "CONFIDENTIAL" shall be viewed only by
25  counsel (as defined in paragraph 3) of the receiving party, by independent experts
26  (pursuant to the terms of paragraph 8), and by the additional individuals listed below,
27
28

1    provided each such individual has read this Order in advance of disclosure and has agreed

2    in writing to be bound by its terms:

3          (a)    Executives who are required to participate in policy decisions with

4    reference to this action;

5          (b)    Technical personnel of the parties with whom Counsel for the parties find it

6    necessary to consult, in the discretion of such counsel, in preparation for trial of this

7    action; and

8          (c)    Stenographic and clerical employees associated with the individuals

9    identified above.

10          10.    With respect to material designated "CONFIDENTIAL" or

11    "CONFIDENTIAL – FOR COUNSEL ONLY," any person indicated on the face of the

12    document to be its originator, author or a recipient of a copy thereof, may be shown the

13    same.

14          11.    All information which has been designated as "CONFIDENTIAL" or

15    "CONFIDENTIAL – FOR COUNSEL ONLY" by the producing or disclosing party, and

16    any and all reproductions thereof, shall be retained in the custody of the counsel for the

17    receiving party identified in paragraph 3, except that independent experts authorized to

18    view such information under the terms of this Order may retain custody of copies such as

19    are necessary for their participation in this litigation.

20          12.    Before any materials produced in discovery, answers to interrogatories,

21    responses to requests for admissions, deposition transcripts, or other documents which

22    are designated as Confidential Information by any party or third party are filed with the

23    Court for any purpose, the party seeking to file such material shall seek an order from the

24    Court to file said material under seal.  The parties will follow and abide by applicable

25    law, including Civ. L.R. 79-5, with respect to filing documents under seal in this Court.

26          13.    At any stage of these proceedings, any party may object to a designation of

27    the materials as Confidential Information.   The party objecting to confidentiality shall

28

- 7 -

CV-07-3809-VBF (Ex)
**Protective Order**
*Opto Diode Corp. v. Advanced Photonix, Inc. v. Infratech, Inc.*

1   notify, in writing, counsel for the designating party of the objected-to materials and the

2   grounds for the objection. If the dispute is not resolved consensually between the parties

3   within seven (7) business days of receipt of such a notice of objections, the objecting

4   party may move the Court for a ruling on the objection. The materials at issue shall be

5   treated as Confidential Information, as designated by the designating party, until the

6   Court has ruled on the objection or the matter has been otherwise resolved.

7          14.    All Confidential Information shall be held in confidence by those

8   inspecting or receiving it, and shall be used only for purposes of this action. Counsel for

9   each party, and each person receiving Confidential Information shall take reasonable

10  precautions to prevent the unauthorized or inadvertent disclosure of such information. If

11  Confidential Information is disclosed to any person other than a person authorized by this

12  Order, the party responsible for the unauthorized disclosure must immediately bring all

13  pertinent facts relating to the unauthorized disclosure to the attention of the other parties

14  and, without prejudice to any rights and remedies of the other parties, make every effort

15  to prevent further disclosure by the party and by the person(s) receiving the unauthorized

16  disclosure.

17         15.    No party shall be responsible to another party for disclosure of Confidential

18  Information under this Order if the information in question is not labeled or otherwise

19  identified as such in accordance with this Order.

20         16.    If a party, through inadvertence, produces any Confidential Information

21  without labeling or marking or otherwise designating it as such in accordance with this

22  Order, the designating party may give written notice to the receiving party that the

23  document or thing produced is deemed Confidential Information, and that the document

24  or thing produced should be treated as such in accordance with that designation under this

25  Order. The receiving party must treat the materials as confidential, once the designating

26  party so notifies the receiving party. If the receiving party has disclosed the materials

27  before receiving the designation, the receiving party must notify the designating party in

28

writing of each such disclosure.  Counsel for the parties shall agree on a mutually acceptable manner of labeling or marking the inadvertently produced materials as "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" – SUBJECT TO PROTECTIVE ORDER.

17.    Nothing herein shall prejudice the right of any party to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work product.

18.    Nothing in this Order shall bar counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as Confidential Information, provided that the contents of the information shall not be disclosed.

19.    This Order shall be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of Confidential Information.  The existence of this Order shall not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

20.    Nothing herein shall be construed to prevent disclosure of Confidential Information if such disclosure is required by law or by order of the Court.

21.    Upon final termination of this action, including any and all appeals, counsel for each party shall, upon request of the producing party, return all Confidential Information to the party that produced the information, including any copies, excerpts, and summaries thereof, or shall destroy same at the option of the receiving party, and shall purge all such information from all machine-readable media on which it resides. Notwithstanding the foregoing, counsel for each party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate Confidential Information, and will continue to be bound by this Order with respect to all such retained information.  Further, attorney work product materials that

- 9 -

CV-07-3809-VBF (Ex)
Protective Order
Opto Diode Corp. v. Advanced Photonix, Inc. v. Infratech, Inc.

1   contain Confidential Information need not be destroyed, but, if they are not destroyed, the

2   person in possession of the attorney work product will continue to be bound by this Order

3   with respect to all such retained information.

4          22.    The restrictions and obligations set forth herein shall not apply to any

5   information that:

6                 (a)    the parties agree should not be designated Confidential Information;

7                 (b)    the parties agree, or the Court rules, is already public knowledge;

8                 (c)    the parties agree, or the Court rules, has become public knowledge

9          other than as a result of disclosure by the receiving party, its employees, or its

10         agents in violation of this Order; or

11                (d) has come or shall come into the receiving party's legitimate knowledge

12         independently of the production by the designating party. Prior knowledge must

13         be established by pre-production documentation.

14         23.    The restrictions and obligations herein shall not be deemed to prohibit

15   discussions of any Confidential Information with anyone if that person already has or

16   obtains legitimate possession thereof.

17         24.    Transmission by facsimile is acceptable for all notification purposes herein.

18         25.    This Order may be modified by agreement of the parties, subject to

19   approval by the Court.

20         26.    The Court may modify the terms and conditions of this Order for good

21   cause, or in the interest of justice, or on its own order at any time in these proceedings.

22   The parties prefer that the Court provide them with notice of the Court's intent to modify

23   the Order and the content of those modifications, prior to entry of such an order.

24

25

26

27

28

CV-07-3809-VBF (Ex)
**Protective Order**
*Opto Diode Corp. v. Advanced Photonix, Inc. v. Infratech, Inc.*

1    IT IS SO ORDERED.   IT IS FURTHER ORDERED, subject to public policy,

2    and further court order, nothing shall be filed under seal, and the court shall not be

3    required to take any action, without separate prior order by the Judge before whom the

4    hearing or proceeding will take place, after application by the affected party with

5    appropriate notice to opposing counsel.

6    Executed this _16 th_ day of _June_____, 2008.

7    

8    Hon. Charles F. Eick

     Magistrate Judge, United States District Court

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT A TO PROTECTIVE ORDER

## IN THE UNITED STATES DISTRICT COURT FOR THE
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

OPTO DIODE CORPORATION,
a California Corporation
    Plaintiff,

  vs.

ADVANCED PHOTONIX, INC.,
a Delaware Corporation.
    Defendant

AND RELATED COUNTERCLAIMS
AND THIRD-PARTY CLAIMS

Case No.: CV-07-3809-VBF (Ex)

AGREEMENT TO BE BOUND BY
PROTECTIVE ORDER

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____, declare and say that:

  1.  I  am  employed  as  _____by
_____.

  2.  I have read the Protective Order entered in *Opto Diode Corporation v. Advanced Photonix, Inc. v. Infratech Inc.*, Case No. CV-07-3809-VBF (Ex), and have received a copy of the Protective Order.

  3.  I promise that I will use any and all "Confidential" or "Confidential – For Counsel Only" information, as defined in the Protective Order, given to me only in a manner authorized by the Protective Order, and only to assist counsel in the litigation of this matter.

  4.  I promise that I will not disclose or discuss such "Confidential" or

1  "Confidential – For Counsel Only" information with anyone other than the persons

2  described in paragraphs 3, 8 and 9 of the Protective Order.

3      5.      I acknowledge that, by signing this agreement, I am subjecting myself to

4  the jurisdiction of the United States District Court for the Central District of California –

5  Western Division, with respect to enforcement of the Protective Order.

6      6.      I understand that any disclosure or use of "Confidential" or "Confidential –

7  For Counsel Only" information in any manner contrary to the provisions of the Protective

8  Order may subject me to sanctions for contempt of court.

9      I declare under penalty of perjury that the foregoing is true and correct.

10

11  Date:_____          Signature:_____

12

13                             Print Name: _____

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CV-07-3809-VBF (Ex)
**Protective Order – EXHIBIT A**
*Opto Diode Corp. v. Advanced Photonix, Inc. v. Infratech, Inc*